United States District Court
Southern District of Texas
ENTERED
May 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIAVASH J.[1], Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-447 |
| MARKWAYNE MULLIN, Respondent. | § § § | |

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. No. 12)**

Before the Court is Petitioner's "Motion for Appointment of Counsel." Dkt. No. 12. Petitioner requests the Court assign a court-appointed attorney to represent and assist him in his habeas case under 28 U.S.C. § 2241. Dkt. No. 12.

The Court has the authority to appoint counsel for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241 . . . of Title 28."). However, a petitioner is "not entitled to counsel in a federal habeas corpus proceeding." *Robinson v. Scott*, 50 F.3d 1033 (5th Cir. 1995) (per curiam) (citing *Pennsylvania v. Findley,* 107 S.Ct. 1990 (1987)). Further, the decision to appoint counsel under the Federal Criminal Justice Act is discretionary. *Id.* (citing 18 U.S.C. § 3006A(a)(2)(B)).

To support the instant motion, Petitioner provides a statement concerning his diligent yet unsuccessful attempts at securing counsel. Dkt. No. 12 at 1-2. Petitioner relies on his previous application to proceed *in forma pauperis* to represent he is financially unable to hire counsel. *Id.* at 3-4.[2] While this may be true, under 18 U.S.C. § 3006A(a)(2)(B), the Court considers more than a litigant's financial ability to hire counsel.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.
[2] The Court previously reviewed and granted Petitioner's IFP Motion. See Dkt. No. 8.

In reaching its decision as to whether the appointment of counsel is necessary, the Court should consider if the petitioner understands the issues involved in the case; can present his contentions; and can follow the Court's procedural requirements. *United States v. Moore*, 29 F.3d 623 (5th Cir. 1994). Petitioner has shown he comprehends the issues involved in his case, states his claims, and has abided by the Court's procedural requirements. See Dkt. No. 1, 2. Additionally, in reviewing the filings, the Court finds that further briefing by an attorney would not aid the Court's understanding of the case. If that were to change, the Court would re-consider appointing counsel for Petitioner.

Under Rule 8(c) of the Rules Governing § 2254 cases, the judge "must appoint an attorney to represent a petitioner" if an evidentiary hearing is warranted and the petitioner qualifies for counsel under 18 U.S.C. § 3006A. At this stage, Petitioner's motion is premature. Respondent have not yet filed a response to the Petition[3], and the Court has not determined an evidentiary hearing is necessary to address the habeas petition under 28 U.S.C. § 2241. If the Court later makes such a determination, and Petitioner otherwise qualifies for appointed counsel under 18 U.S.C. § 3006A, the Court will appoint counsel to represent him.

The Court **DENIES** Petitioner's "Motion for Appointment of Counsel" (Dkt. No. 12).

Signed on May 7, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge

[3] The Court ordered Respondent to show cause why Petitioner's Writ of Habeas Corpus should not be granted pursuant to 8 U.S.C. § 2243, and the deadline to respond has not yet passed. *See* Dkt. No. 8.