United States District Court
Southern District of Texas

**ENTERED**

June 23, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIAVASH J. [1], | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-447 |
| | § | |
| MARKWAYNE MULLIN, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner Siavash J.'s "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 17) ("MSJ"). For the following reasons, it is recommended the Court **DENY** the Petition (Dkt. No. 1) and **DENY** the MSJ (Dkt. No. 17) as moot.

Petitioner is a national of Iran who entered the United States on January 19, 2025. Dkt. No. 17 at 2; Dkt. No. 17-1 at 1. Petitioner is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. Petitioner contests his prolonged detention while he awaits a decision from the Board of Immigration Appeals (BIA). Dkt. No. 1 at 6. Although Petitioner filed a timely appeal of the Immigration Judge's June 30, 2025, the BIA issued a decision about a year later on May 21, 2026. [2]

Petitioner presented constitutional arguments based on the length of his detention while he waited for a decision on his appeal from the BIA. Dkt. No. 1 at 6. The Government

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] The Court takes judicial notice that the case appeal was dismissed on May 21, 2026, via the Executive Office of Immigration Review's public website showing automated case information. See the attachment to this R&R at pages 7-8.

responded to Petitioner's arguments by filing an MSJ arguing detention during removal proceedings is constitutional permissible. Dkt. No. 17. Because removal proceedings have ended, the Court should dismiss the Government's MSJ as moot.

Petitioner proceeds pro se.[3] The Court notes that in his original Petition, Siavash J. characterizes his detention by immigration authorities as "indefinite," and Petitioner argues that "there is no significant likelihood of removal in the reasonably foreseeable future." Dkt. No. 1 at 6. Considering these arguments, the Court liberally construes Petitioner's claim as a *Zadvydas* claim of indefinite detention following a final order of removal.

## I.    Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and, if it "determines…that it lacks subject-matter jurisdiction," it "must dismiss the action," Fed. R. Civ. P. 12(h)(3). One "essential component[]" of "federal subject-matter jurisdiction" is "ripeness." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). For a court to exercise jurisdiction, then, the case "must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

## II.    Discussion

Because Petitioner has not been detained for over six months since his removal order became final, his claim is premature.

To begin, it is worth noting that because the BIA recently denied his appeal of his removal order, the removal order has become administratively final and the removal period authorizing mandatory detention under 8 U.S.C. § 1231 ("§ 1231") has begun. *See* 8 U.S.C.

---

[3] Because Petitioner proceeds pro se, he receives the benefit of liberal construction of his claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

§ 1231(a)(1)(B).[4] To the extent, then, that Petitioner challenges detention under a different statutory authority, his claims are moot. The remaining thrust of the Petition is that his detention is no longer authorized under statute or constitutional, Dkt. No. 1 at 6, and this claim fails at this point in his detention.

Once a removal order becomes final,[5] § 1231 authorizes detention of the alien to effectuate removal under two provisions. In the first 90 days (otherwise known as the "removal period"), 8 U.S.C. § 1231(a)(1), the "Attorney General shall detain the alien" under 8 U.S.C. § 1231(a)(2). Once the removal period ends, the source of authorization shifts to § 1231(a)(6), which states that the alien "may be detained" by the Attorney General "beyond the removal period." 8 U.S.C. § 1231(a)(6). To ensure § 1231(a)(6) would not lead to constitutionally excessive detention, the Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) construed it to have an implied limit: authorization of detention under § 1231(a)(6) would run out when continued detention "exceeds a period reasonably necessary to secure removal" and removal "is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. The Court, however, also understood that a reasonableness standard, standing alone, would risk too much judicial interference with the Executive's "primacy in foreign policy matters." *Id.* at 701. The Court thus found it "practically necessary" to "limit" its new standard by recognizing a "presumptively reasonable period of detention" of "six months." *Id.*

Pieced together, the *Zadvydas* framework slots claims challenging post-final-removal-order detention into two phases:[6] 1) a six-month period where the statute

---

[4] The Court should recognize, however, that the removal period will be deemed to have begun later in the even that Petitioner's pending attempt to stay his removal in the Fifth Circuit is successful. *See* 8 U.S.C. § 1231(a)(1)(B)(ii).

[5] A removal order becomes "administratively final" under 8 U.S.C. § 1231(a)(1)(B)(i) upon "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

[6] Some district courts in this circuit remain skeptical of this tidy two-phase scheme. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020); *Villanueva v. Tate*, 801 F. Supp. 3d 689 (S.D. Tex. 2025). They, like Petitioner, suggest that *Zadvydas* prescribes a (rebuttable) presumption of reasonableness during those first six months—and does not, in effect, proscribe claims brought before that period elapses. *See, e.g., Villaneuva*, 801 F. Supp. at 703. Admittedly, *Zadvydas* is not precise about what

3

constitutionally authorizes detention (and *Zadvydas* claims are thus not viable); and 2) a period "after that," in which the alien can seek conditional release under *Zadvydas* "if he can demonstrate there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (quoting *Zadvydas*, 533 U.S. at 701). If a petitioner seeks release from detention in the first phase—the presumptively reasonable period—his or her claim is not yet ripe.[7] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Kakhidze v. Venegas*, No. 1:25-cv-00136, 2025 WL 2412854, at *3 (S.D. Tex. July 30, 2025), *report and recommendation adopted*, 2025 WL 2411229 (S.D. Tex. Aug. 20, 2025).

Petitioner's appeal to the BIA from the Immigration Judge's order of removal occurred "on May 21, 2026," which would make his removal order final on that same date. *See* 8 U.S.C. § 1101(a)(47)(B). These facts show he is barely a month into the initial six-month period of presumptively valid detention, and, thus, the remaining *Zadvydas* claim in his Petition not yet ripe. Consequently, the Court lacks subject matter jurisdiction to hear this case in its current form.[8]

---

its presumption means for the first six months. *Zadvydas*, 533 U.S. at 701. But the formulation offered by the Court in and after that case only contemplates petitioners proving their detention is unreasonable after the six-month period ends. *Id.* at 701 ("*After* this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing") (emphasis added); *Clark*, 543 U.S. at 378 ("*after* that [presumptive period], the alien is eligible for conditional release if he can demonstrate…") (emphasis added); *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (same). The Fifth Circuit, though not settling the issue, has issued strong signals of its own. It has described the timing of *Zadvydas* claims in the same terms, *see Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 757 (5th Cir. 2008), approved of district courts dismissing *Zadvydas* claims as "premature" when made during the presumptive period, *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam); *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam), and itself found a *Zadvydas* claim to be "premature" for the same reason, *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

[7] Whether a claim of unreasonably prolonged detention is offered in statutory or constitutional terms, the result is the same: it is "presumptively *constitutional* for an alien to be detained for six months after a final order of removal." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (emphasis added), and a constitutional challenge to prolonged detention fails unless it meets the standard set by *Zadvydas*, *see Andrade v. Gonzales*, 459 F. 3d 538, 543 (5th Cir. 2006).

[8] Because dismissal for lack of subject matter jurisdiction is without prejudice, Petitioner may file another habeas petition once his claims are ripe. *See Ruiz v. Brennan*, 851 F. 3d 464, 472 (5th Cir. 2017).

### III.    Recommendation

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), **DISMISS** the MSJ (Dkt. No. 17) AS MOOT, and (3) **DIRECT** the Clerk of Court to close the case.

### IV.    Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 23, 2026.

Karen Betancourt
United States Magistrate Judge

5

# ATTACHMENT 1

 An official website of the United States government    Here's how you know

**EOIR**   Automated Case Information



**Court Closures Today**  June 8, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home  >  J███ SIAVASH (█████████)



# Automated Case Information

**Name: JAFARI, SIAVASH | A–Number:** ████████ **| Docket Date: 2/14/2025**

## 📅 Next Hearing Information

🕐

*There are no future hearings for this case.*

## ⚖️ Court Decision and Motion Information

The immigration judge ordered **REMOVAL**.

**DECISION DATE**
June 30, 2025

**COURT ADDRESS**
27991 BUENA VISTA BLVD
LOS FRESNOS, TX 78566

## 📝 BIA Case Information



The case appeal was **DISMISSED** on **May 21, 2026.**

## 🏛 Court Contact Information

If you require further information regarding your case, or wish to file additional documents, please contact the immigration court.

**COURT ADDRESS**
27991 BUENA VISTA BLVD
LOS FRESNOS, TX 78566

**PHONE NUMBER**
(956) 254-5700



Archive

Accessibility

Information Quality

Privacy Policy

Legal Policies & Disclaimers

Social Media

Budget & Performance

Office of the Inspector General

No FEAR Act

For Employees

EOIR Freedom of Information Act

FOIA

USA.gov

Contact EOIR

EOIR Home

Justice.gov

Immigration Court Online Resource

Customer Technical Support

The EOIR Department of Immigration

Important Rules and Policy

EOIR Privacy Terms of Service

Department of Justice | Executive Office for Immigration Review
5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041

8